IN THE

# SUPREME COURT OF JUDICATURE

OF THE

## STATE OF NEW-JERSEY,

AT SEPTEMBER TERM, 1839.

---

JOHN L. CORLIES AND JOSEPH A. CORLIES v. RICHARD CORLIES.

---

*Certiorari* to Justice Throckmorton, in action for a forcible entry and detainer.

A complaint for forcible entry and detainer, must state that the complainant was, at the time of the wrong complained of, in *possession* of the premises, either in fact or in law.

---

*Vreedenburg*, for plaintiffs.
*Randolph*, for defendant.

HORNBLOWER, C. J. The plaintiffs in this court, were defendants before the Justice, and a verdict and judgment was rendered

167

against them.   A variety of reasons were assigned, why this judgment should be reversed ; but it will only be necessary to notice the 1st, viz.   That the complaint does not shew that the plaintiff below, had any possession of the premises, at the time when the forcible entry was supposed to have been committed.— In *Mairs* v. *Sparks*, 2 *South.* 516, it was said by this court, that the plaintiff in such an action must have, either a possession in fact, or law : that a mere right or claim of possession, is not sufficient, but it must be a right in possession, which is disturbed and for which the action is brought.   *Bennett* v. *Montgomery*, 3 *Halst.* 48, and *Mercereau* v. *Bergen*, 3 *Green R.* 244, are to the same effect.   It ought then to appear on the complaint filed with the Justice, that the forcible entry was committed upon the plaintiffs' possession, and if it does not, the complaint will be groundless and shew no cause of action.   But the complaint filed in this case, fails to set forth or allege any possession in the plaintiff.— It states only that the defendants on a certain day, with force and strong hand, entered upon a certain messuage, &c. situated, &c. whereof the plaintiff was seized of an estate of inheritance in fee simple, and threatened to beat, &c. the said plaintiff, *"formerly in possession of said lot,"* should he come upon the same.   Now it may be true that the plaintiff was seized of such an estate in the premises, and yet have had no present possession, either in *fact* or in *law;* or nothing but a mere right of possession.   And indeed the complaint seems to negative any present possession of the plaintiff, for it speaks of the lot as " formerly " in his possession.

In my opinion, therefore, the complaint is insufficient, and contains no legal cause of action.

DAYTON, J.   A number of nice exceptions have been taken to the proceedings in this case.   I shall notice but one, which is undoubtedly well founded, without intimating an opinion as to the other points.   The complaint filed with the Justice, charges in substance that the complainant, was *seized* of the premises therein described, and that the defendants below, entered thereon and pushed and backed off the complainant and his horses, &c. from said premises.

These averments may all be true, and yet the defendants be-

low, not be guilty of a forcible entry and detainer. To enable him to sustain this action, the complainant must have had *actual possession* of the premises, at the time of the wrong complained of,—a mere seizin will not do. *Bennett* v. *Montgomery*, 3 *Halst.* 49. It is true that it is averred that he and his horses and wagon were pushed and backed off the premises; but this may be true, though he was there only by accident, or as a visitor, or trespasser—the actual possession of the property, as meant by the law, may at the same time have been in a tenant who alone could sustain this action.

The complaint filed is insufficient, and for this reason the judgment must be reversed.

FORD, J. and WHITE, J. concurred.
NEVIUS, J. absent.

*Judgment reversed.*